Cheong Wai WONG, aka Kenny Wong, Petitioner–Appellant,

v.

WARDEN, FCI RAYBROOK, Respondent–Appellee,

No. 98–2469.

United States Court of Appeals, Second Circuit.

Argued March 15, 1999.

Decided March 26, 1999.

Cheryl J. Strum, Westtown, PA, for Petitioner–Appellant.

Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York, Albany, NY, for Thomas J. Maroney, United States Attorney (James K. Robinson, Assistant United States Attorney; Robin Kofsky Gold, Office of Enforcement Operations, Department of Justice, Washington, DC, on the brief), for Respondent–Appellee.

Before: OAKES, CALABRESI, and GIBSON, Circuit Judges.*

PER CURIAM:

Petitioner-appellant Cheong Wai Wong appeals from a judgment dated April 9, 1998, in the United States District Court for the Northern District of New York (Hurd, *M.J.*). *See Wong v. Warden, FCI Raybrook*, 999 F.Supp. 287 (N.D.N.Y. 1998). The district court denied Wong's § 2241 habeas petition which alleged that, because of his race and national origin or in retaliation for the exercise of his constitutional rights, he was denied a transfer to a Canadian prison pursuant to the Convention on the Transfer of Sentenced Persons ("Convention"), 18 U.S.C. § 4100 *et. seq. See Wong*, 999 F.Supp. at 288. We affirm.

Wong—who is a Canadian citizen—is currently serving a lengthy prison sentence that was imposed following his conviction for conspiring to distribute heroin. In 1992, he submitted an application to the United States Department of Justice requesting a transfer to a Canadian prison pursuant to the Convention. *See id.* His request was denied. Wong then filed for a writ of habeas corpus, claiming that the denial was unconstitutional since it was due either to his Chinese ancestry or his refusal to cooperate with law enforcement officers. *See id.*

Both on this appeal and before the district court, the government has argued that there is no judicial review over the actions taken by the Department of Justice under the Convention. We disagree. It is well-established that judicial review exists over allegations of constitutional violations even when the agency decisions underlying the allegations are discretionary. *See, e.g., Webster v. Doe*, 486 U.S. 592, 603–05, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988). And there is no doubt that Wong's petition alleges unconstitutional discrimination on the basis of race and national origin and in retaliation for his refusal to talk with law enforcement officials. We therefore adopt the holding of the district court that the constitutionality of the decision to deny Wong a transfer under the Convention is reviewable. *See Wong*, 999 F.Supp. at 289–90.

With respect to the merits of Wong's petition, the district court carefully evaluated the evidence adduced and properly concluded that no prima facie claim of discrimination had been established. *See id.* at 290–93.

For substantially the reasons stated in the district court's opinion, we therefore affirm the denial of Wong's § 2241 petition.

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.